PER CURIAM:
Claimants, husband and wife, brought this action to recover for damages to their vehicle in the amount of $1,581.75. Claimants' daughter, Dedra Yvonne Proffit, was operating their 1984 Mazda 626 on Route 10 in McDowell County, West Virginia. On October 20,1 989, at 6:15 p.m., claimant's daughter entered a tunnel on Route 10. It was raining and water was collecting in the tunnel. Mrs. Proffit was a passenger and testified that her daughter’s speed was *143 "about five-to-ten miles per hour." Mrs. Proffit and her daughter testified that the water was about one foot deep in the tunnel when the car struck a hole and collided with the tunnel wall. Both indicated that they are very familiar with the tunnel and travel it daily. The daughter stated, "I go through there every day of my life and there's always, if there's not big holes, there’s big humps on the road."
The evidence in this claim indicates that claimants knew of the hazard of the roadway and that standing water collected in the tunnel, potentially creating and obscuring holes in the road surface. The evidence does not establish that respondent had this knowledge. No witnesses were provided by claimants to prove otherwise, nor did claimants notify respondent of the hazardous conditions of the road until after the accident.
Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), holds that the State is neither an insurer nor a guarantor of the safety of the motorists on its highways. For the respondent to be held liable for the damage caused by a defect of this nature, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). The evidence presented by claimants did not establish notice. Since claimants did not meet this burden of proof, the claim must be denied.
Claim disallowed.